UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL DAVIS,<br>    Plaintiff, | :<br>:   CIVIL CASE NO.<br>:   3:19-CV-1867 (JCH) |
| v. | :<br>: |
| RICHARD FUREY, et al.<br>    Defendants. | :   JULY 6, 2021<br>: |

## **RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I.     Introduction

On November 22, 2019, the plaintiff, Michael Davis, a sentenced inmate in the custody of Connecticut Department of Correction ("DOC"), filed this action pro se and in forma pauperis against Health Services Administrator ("HSA") Richard Furey and Advanced Practice Registered Nurse ("APRN") Nigel Rodney in connection with his need for pain relief and medical treatment for his back.   Upon initial review, the court permitted Davis's Eighth Amendment claims to proceed against HSA Furey and APRN Rodney in their individual capacities.   See Initial Review Order (Doc. No. 8).

On April 6, 2020, Davis filed a verified amended complaint against Furey (whom Davis now refers to as Regional Chief Operating Officer) and APRN Rodney, and two additional individual defendants, Osborn Correctional Institution ("Osborn") Nursing Staff Miss Keri (identified as Keri Lewis) and Miss Inderia (identified as Indria Mitto) in their individual and official capacities.   Verified Am. Compl. (Doc. No. 11); see Waivers (Doc. No. 17, 19).   After initial review, the court permitted Davis's Eighth Amendment medical indifference claims to proceed beyond initial review against Furey, Rodney, Lewis, and Mitto in their individual capacities.   Initial Review Order ("IRO") (Doc. No. 15).

Defendants have moved for summary judgment on Davis's claims against the defendants on the basis of Davis's failure to exhaust his administrative remedies and on the merits of his Eighth Amendment claims. Mot. for Summ. J. (Doc. No. 30). In support of their Motion for Summary Judgment, the defendants have submitted a memorandum of law (Defs.' Mem.) (Doc. No. 30-1), a Local Rule 56(a) Statement of Facts ("Defs.' Local 56(a)1") (Doc. No. 30-9), and supporting exhibits, including Davis's medical records under seal (Defs.' Ex. A) (Doc. No. 29), (Defs.' Ex. B-G) (Docs. No. 30-3- to 30-8). Davis has filed an opposition memorandum (Pl.'s Opp.) (Doc. No. 35-1) with a Local Rule 56(a)2 Statement of Facts ("Pl.'s Rule 56(a)2") (Doc. No. 35-2) and exhibits (Pl.'s Exs.) (Doc. No. 30-3). Defendants have filed their reply thereto, and Davis in turn filed a memorandum reaffirming his opposition to the Motion for Summary Judgment. Defs.' Reply (Doc. No. 38); Pl.'s Mem. Reaffirming Opp'n (Doc. No. 40).

## II.    Davis's Request for Additional Discovery

In his Opposition to the Motion for Summary Judgment, Davis asserts that he did not have the opportunity to complete his discovery prior to the filing of the defendants' Motion for Summary Judgment. Pl.'s Opp. at 1. On April 21, 2021, the court issued an order noting that discovery had closed on November 24, 2020, and instructing Davis to file an affidavit explaining what efforts he has made to obtain discovery, why he had not previously sought an extension of discovery, and how the information he seeks will help him respond to the defendants' arguments for entry of summary judgment. See Order (Doc. No. 39); see also Fed. R. Civ. P. 56(d); Miller v. Wolpoff & Abramson,

2

L.L.P., 321 F.3d 292, 303 (2d Cir. 2003).[1]

Even where a Rule 56(d) motion is properly supported with an affidavit, the court may decline to permit additional discovery where the discovery request is "'based on speculation as to what potentially could be discovered.'" Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 117 (2d Cir. 2001) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994)). A "'bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment.'" Crye Precision LLC v. Duro Textiles, LLC, 689 F. App'x 104, 108 (2d Cir. 2017) (quoting In re Dana Corp., 574 F.3d 129, 149 (2d Cir. 2009)). Here, Davis admits that he was provided notice of the relevant period for discovery when he received the court's initial review orders, and he explains that he did not realize that the discovery time period had lapsed as he was focused on obtaining legal counsel for his case. Declar. of Pl. Michael Davis ("Pl.'s Declar.") at ¶ 7 (Doc. No. 40). Davis states that he seeks "documents related to the Incident Report by custody staff" about his injury, statements made by various inmates, and documents related to his exhaustion of his administrative remedies. Id. at ¶¶ 8-9. Davis fails to explain, however, what specific documents are "related to the Incident Report"; fails to name the

---

[1] Rule 56(d) provides:

WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

individuals who would provide any witness statements; and fails to explain what information this additional discovery would show relevant to his posing opposition to the defendants' arguments in their motion for summary judgment. Davis's Affidavit indicates that he seeks to discover documents that may not in fact exist or statements from witnesses who may not provide relevant information. Accordingly, Davis's discovery requests are based on his speculation about documents, information, or statements that he could obtain through further discovery. His request for additional discovery is therefore denied.

### III.   Factual Background

####   A. Background

The following facts are taken from defendants' Local Rule 56(a)1 Statement of Facts, supporting exhibits submitted in support of their Motion for Summary Judgment, and plaintiff's verified Complaint. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which indicates whether the opposing party admits or denies the facts set forth by the moving party. Local Rule 56(a)3 provides that "each denial in an opponent's Local Rule 56(a)2 Statement[ ] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." Defendants informed Davis of this requirement in a Notice to Self-Represented Litigant. (Doc. No. 30-10). Davis did submit a Local Rule 56(a)2 Statement, but his denial of facts in his Statement is not always supported by an affidavit or other evidence that would be admissible at trial. Accordingly, where that is the case, defendants' facts are deemed

admitted. However, as Davis's Complaint was signed under the penalty of perjury, the court will consider the statements in the verified Complaint as an affidavit in reviewing the motion for summary judgment. See Jordan v. LaFrance, No. 3:18-CV-1541, 2019 WL 5064692, at *1 n. 1 (D. Conn. Oct. 9, 2019) (a "verified complaint . . . may be considered as an affidavit" for summary judgment purposes"); Walcott v. Connaughton, No. 3:17-CV-1150, 2018 WL 6624195, at *1, n. 1 (D. Conn. Dec. 18, 2018).

B. Facts[2]

Davis injured his back as a result of his fall from his bunk bed at Osborn on January 26, 2019. Verified Am. Compl. at ¶ 1; Defs.' Local 56(a)1 at ¶ 4. According to Davis, he waited two hours to see Nurses Lewis and Mitto at the facility medical unit; defendants state he waited for only minutes. Verified Am. Compl. at ¶ 2; Defs.' Local 56(a)1 at ¶ 6. The parties also dispute what happened next. Davis says he was "never given a full screening, provided no pain relieving medication," and was "verbally disrespected . . . and made to suffer." Verified Am. Compl. at ¶ 2. Defendants cite to an exhibit containing a "Nurse Patient Encounter" form signed by defendant Lewis on the date in question, stating that Davis was given a physical examination, Motrin, and had "no bruising, discoloration or open wounds on his back." Defs.' Local 56(a)1 at ¶

---

[2] As discussed above, the court draws from defendants' Local Rule 56(a)1 Statement and plaintiff's Verified Amended Complaint. In this section, the court notes where the parties dispute how events unfolded, but construes those facts in the light most favorable to Davis. CILP Associates, L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 118 (2d Cir. 2013) (in issuing a ruling on summary judgment "we construe the evidence in the light most favorable to the [non-movants], drawing all reasonable inferences and resolving all ambiguities in their favor") (internal quotations and citations omitted). Where plaintiff or defendant admits to a particular fact, the court cites only to the relevant paragraph in the Verified Amended Complaint or the Local 56(a)1 Statement.

6-10. The parties dispute whether or not Davis was placed on the list to see the doctor that day. Verified Am. Compl. at ¶ 2; Defs.' Local 56(a)1 at ¶ 12.

Later that day, Davis submitted an inmate request form to defendant Furey, complaining about the conduct of defendants Lewis and Mitto during his visit to the medical unit. Defs.' Local 56(a)1 at ¶ 25. As HSA, Furey is responsible for responding to inmate medical requests.[3] Id. at ¶ 13. Furey responded to the request form on February 12, 2019, stating that he was unaware of what had happened on January 26, but would address any perceived lack of concern at the next staff meeting. Id. at ¶ 26. As time passed, Davis did not receive further treatment and care for his injury, although the parties dispute whether this was due to Davis not seeking treatment or defendants not providing it. Id. at 12; Verified Am. Compl. at ¶ 4-6.

In mid-August, Davis wrote to Furey requesting to be seen by a medical doctor. Defs.' Local 56(a)1 at ¶ 27. Furey responded within a week, saying that he had placed him on the doctor's list. Id. at ¶ 28. On September 6, 2019, Davis attempted to file a medical grievance about his fall. Id. at ¶ 29. It was returned because it was improperly filed, and Davis resubmitted a corrected health services review on September 16. Id. at ¶ 30. Two days later, in response to his requests, Davis was seen by defendant Rodney. Id. at ¶ 34. Rodney prescribed him Motrin for 30 days, id. at ¶ 37, though the parties disagree about the tenor of the visit. Davis says APRN Rodney professed to be a doctor, performed no medical examination, and would not

---

[3] Defendant Furey is "not a medical provide and cannot provide medical treatment to inmates. He served as an administrator and oversaw the operations of the medical department." Defs. Local 56(a)1 at ¶ 14.

6

listen to Davis as he explained his condition.  Verified Am. Compl. at ¶ 7.  Defendants say Rodney did not identify himself as a doctor, and that Davis agreed to the plan of treatment.  Defs.' Local 56(a)1 at ¶ 37-38.

After seeing Rodney, Davis's initial diagnosis and treatment was upheld.  Id. at ¶ 31.  On September 28, Davis appealed and complained that he wanted to be seen by a medical doctor rather than an APRN.  Id. at 32.  On October 24, Furey denied his appeal, saying that inmates do not have the right to choose their medical providers.  Id. at 33.  Davis again saw an APRN in March 2020, less than a month before filing his verified amended Complaint.  Verified Am. Compl. at ¶ 9.  He alleges that his pain medication has been ineffective and was allowed to expire, and that he is still in "extreme pain."  Id. at ¶ 8, 10.

### III.     STANDARD OF REVIEW

A motion for summary judgment will be granted if the record shows no genuine issue as to any material fact, and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact.  Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986).  If the moving party satisfies that burden, the nonmoving party must set forth specific facts demonstrating that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor.  See, e.g., Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (citing Anderson, 477 U.S. at 252).

The court's role at summary judgment "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." O'Hara v. Nat. Union Fire Ins. Co. of Pittsburgh, 642 F.3d 110, 116 (2d Cir. 2011). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). Rather, a party opposing summary judgment "must come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001). The evidence offered in opposition to a motion for summary judgment must be both admissible and must be sufficient to raise a genuine issue of material fact. See LaSalle Bank National Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005); Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001).

## IV.     ANALYSIS

Defendants argue that Davis has failed to exhaust his administrative remedies under Administrative Directive 8.9 for his Eighth Amendment deliberate indifference claims against Mitto and Lewis; they argue further that Davis cannot establish an Eighth Amendment violation based on deliberate indifference by Mitto, Lewis, Furey, or APRN Rodney. Defs.' Mem. at 1. For purposes of ruling on this motion for summary

judgment, the court assumes that Davis has exhausted his administrative remedies as to all defendants.[4]

### A. Eighth Amendment Deliberate Indifference to Medical Needs

In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Id. at 104 (internal quotation marks and citation omitted). The Court explained that "[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Harrison v. Barkley, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994)) (quotations omitted). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendants acted with a sufficiently

---

[4] Courts have uniformly held that the PLRA exhaustion requirement is satisfied where "prison officials address and resolve a grievance on the merits despite the fact that it might not comply with procedural rules." Castillo v. Hogan, No. 3:14-CV-1166 (VAB), 2018 WL 1582514, at *7 (D. Conn. Mar. 31, 2018) (citing cases). "The rationale for this requirement is that 'when a state treats a filing as timely and resolves it on the merits ... the grievance has served its function of alerting the state and inviting corrective action.'" Id. (citing Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004)). The court notes that the Health Services Review "Upheld" on September 18, 2019, included his complaint about Nurses Mitto and Lewis. Davis complained about the conduct and lack of "meaningful treatment" by two nurses who saw him for his back pain on January 26, 2019, in addition to requesting to be seen by a "Medical Doctor (provider)." See Defs.' Ex. F at 8.

culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle, 429 U.S. at 105). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (citations and internal quotation marks omitted).

Merely negligent conduct does not constitute deliberate indifference, Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006), nor does a disagreement over proper treatment or diagnosis create a constitutional claim so long as the treatment was adequate. Estelle, 429 U.S. at 107; Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also Oh v. Saprano, No. 3:20-CV-237 (SRU), 2020 WL 4339476, at *5 (D. Conn. July 27, 2020) ("it is well settled that an inmate's unheeded preference for treatment does not create a constitutional claim."). However, a medical provider may act with deliberate indifference by consciously providing an inmate with "an easier and less efficacious" treatment plan, particularly if the provider does so because of ulterior motives, such as improper monetary incentive. Chance, 143 F.3d at 703–04; see also Braham v. Perelmuter, 2017 WL 3222532, at *16–17 (D. Conn. July 28, 2017).

1. Lewis and Mitto

Davis argues that Nurses Lewis and Mitto failed to provide him with meaningful treatment; failed to give him a full screening; failed to instruct him to stretch; failed to provide him with pain relief; and verbally disrespected him. Verified Am. Compl. at ¶ 2. In his opposition memorandum, Davis contends that Mitto and Lewis failed to render

either meaningful or timely treatment (i.e., he had to wait two hours and "not a few minutes"). Id.; Pl.'s Opp. at 3-4 (Doc. No. 35-1).

Even assuming that Davis can satisfy the objective element, Davis cannot premise his Eighth Amendment deliberate indifference claim on his own assessment that Mitto and Lewis did not provide sufficient medical care on January 26, 2019. An inmate's disagreement with the medical provider about his medical needs is not sufficient to raise a genuine issue of fact that an Eighth Amendment violation occurred. See Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking."); Grays v. McGrain, 333 F. Supp. 3d 225, 234 (W.D.N.Y. 2018) (citing cases holding that a plaintiff's disagreement with treatment is insufficient to establish an Eighth Amendment violation). The record cannot support a reasonable finding that Nurses Mitto and Lewis provided Davis with a particular treatment plan with any improper purpose, such as a monetary incentive. Chance, 143 F.3d at 703–04; Braham, 2017 WL 3222532, at *16–17. At most, the record indicates that Mitto and Lewis may have acted negligently with respect to their assessment of Davis's medical needs, but negligence is not sufficient to support an Eighth Amendment claim. Salahuddin, 467 F.3d at 280. The fact that MacDougall-Walker Nurse MacPherson later provided different medical treatment for him on March 12, 2020, does not raise an inference that Mitto and Lewis acted with deliberate indifference on January 26, 2020. See Am. Comp. at ¶ 9; Pl.'s Ex. A at 2 (Doc. 35-3); Parks v. Blanchette, 144 F. Supp. 3d 282, 322 (D. Conn. 2015) ("a difference of opinion . . . even among medical

11

professionals themselves, as to the appropriate course of medical treatment does not in and of itself amount to deliberate indifference.") (internal quotation marks and citations omitted).

Absent any evidence that Nurses Mitto or Lewis acted with a conscious disregard of a substantial risk of serious harm to Davis on January 26, 2019, Davis has failed to show a material issue of fact requiring a jury trial on the issue of whether defendants acted with deliberate indifference to his medical needs.

    a. Two Hour Delay

To the extent that Davis asserts deliberate indifference on the basis that he sustained a two-hour delay in receiving treatment on January 26, 2019, Davis's claim does not satisfy the objective element of the Eighth Amendment analysis.

"In cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay." Lombardo v. Graham, 807 F. App'x 120, 123 (2d Cir. 2020) (citing Salahuddin, 467 F.3d at 280) (other citations omitted) (summary order). The court's objective "serious medical need inquiry can take into account the severity of the temporary deprivation alleged by the prisoner." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003). The court should consider the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Id. "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of

serious harm." Id. at 187; see also Bilal v. White, 494 F. App'x 143, 145–46 (2d Cir. 2012) ("Even assuming that Bilal's conditions could produce serious complications if neglected over sufficient time, there is no evidence that Bilal's conditions worsened over the hours of delay here[.]") (internal citations omitted); see also Ferguson v. Cai, No. 11-CV-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) ("Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in [the Second] Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness.").

Relevant to the subjective component of the Eighth Amendment analysis, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. See Salahuddin, 467 F.3d at 280; Amaker v. Coombe, No. 96 Civ. 1622, 2002 WL 523388, at *8 (S.D.N.Y. Mar. 29, 2002) ("A delay in medical treatment does not by itself violate a prisoner's Eighth Amendment rights unless the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment.").

Here, Davis has not presented any evidence that he experienced any serious risk of harm as a result of the asserted two-hour delay in receiving treatment from Mitto and Lewis on January 26, 2019. See Rodriguez v. Mercado, No. 00-CIV-8588, 2002 WL 1997885, at *9 (S.D.N.Y. Aug. 28, 2002) (noting that patients "seeking care for a non-

13

life-threatening injury generally experience[ ] some delay in receiving treatment" and finding no constitutional claim based on an eight or nine hour delay where plaintiff had not alleged "life-threatening" or "fast-degenerating conditions" or extreme pain that "more rapid treatment would have alleviated."). Thus, entry of summary judgment is appropriate because Davis has not shown that the asserted two-hour delay in treatment was sufficiently serious to support an Eighth Amendment violation. Moreover, the record fails to provide a basis upon which a reasonable jury could find that Mitto and Lewis were aware that Davis had serious medical needs, but they acted with a conscious disregard to his need for timely treatment.

Because no reasonable jury could conclude, based on the evidence before the court, that Mitto or Lewis acted with deliberate indifference to Davis's medical needs, the Motion for Summary Judgment is granted in favor of these defendants.

2. <u>Furey</u>

! Davis has failed to come forward with evidence from which a reasonable jury could find that Furey acted with deliberate indifference to his serious medical needs. The record evidence establishes that Furey issued timely responses to Davis's written Inmate Requests for treatment and Health Services Reviews, appeals, as well as arranged for Davis to receive medical care. See Defs.' Ex. A at 80, 159 (Inmate Requests); Defs.' Ex. F at 6-10; 16-17, 20-21 (Health Services Reviews and Appeals). Moreover, it is undisputed that Furey does not make any medical decisions about inmates' medical care. Defs.' Rule 56(a)1 at ¶ 14. Davis's assertion that he should have been seen by a medical provider other than APRN Rodney, or sooner than he was

14

seen, is not sufficient to support a constitutional claim. See Perry v. Furey, No. 3:18-CV-1709, 2020 WL 59941, at *6 (D. Conn. Jan. 6, 2020). Accordingly, no reasonable juror could find in favor of Davis' Eighth Amendment claim against Furey. The Motion for Summary Judgment is granted on Davis's claim against Furey for deliberate indifference.

3. APRN Rodney

Davis argues that APRN Rodney was not a doctor; that he performed no medical examination; that he would not listen to him about his condition, and that he refused to see Davis for a follow-up appointment. Verified Am. Compl. at ¶¶ 7-8.

Davis has not, however, adduced any evidence upon which a reasonable jury could infer that APRN Rodney acted with a conscious disregard to Davis's serious medical needs. Davis's disagreement with the medical judgment of his provider cannot support an inference that APRN Rodney acted with deliberate indifference.[5] See Hill, 657 F.3d at 123. To the extent that APRN Rodney erred in his assessment of Davis's lack of acute distress or physical abilities, or by failing to schedule a follow-up appointment, such conduct constitutes negligence or mere medical malpractice, which is not sufficient to support Eighth Amendment deliberate indifference. See Farmer, 511 U.S. at 835. There is no evidence in the record before the court to support the inference that Rodney acted with conscious disregard. See supra at 11-12. Accordingly, as no reasonable juror could conclude that APRN Rodney acted with

---

[5] While the parties dispute whether APRN Rodney represented that he was a medical doctor (See Defs.' Rule 56(a)1 at ¶ 38; Pl.'s Rule 56(a)2 at ¶ 38), Davis has not submitted evidence raising any issues of material fact that could support an inference that APRN Rodney acted with conscious disregard to Davis's serious medical needs when he provided Davis with medical care.

deliberate indifference to Davis's serious medical needs, the Motion for Summary Judgment is granted as to Davis's deliberate indifference claim against APRN Rodney.

## V. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (Doc. No. 30) is GRANTED.   The Clerk is instructed to close this case.


**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of July 2021.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge